[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11002
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00129-DHB-BKE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICKLAUS E. GRANT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 24, 2014)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A Southern District of Georgia jury found Nicklaus Grant guilty on both

counts of an indictment: Count One, felon in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(1); Count Two, possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).  After the District Court imposed sentence, concurrent prison terms of 96 months on Count One and 60 months on Count Two, Grant lodged this appeal.  He seeks the reversal of his convictions on the ground that the evidence was insufficient to convict, and the vacation of his sentences as substantively unreasonable.  We affirm.

## I.

To establish Brant's guilt on Count One, the Government had to prove that (1) Brant was a convicted felon, (2) he knowingly possessed the firearms described in the indictment, and (3) the firearms were in or affected interstate commerce. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  His possession element would be established if he actually or constructively possessed the firearms.  Direct or circumstantial evidence of constructive possession is sufficient to prove the element of knowing possession.  *Howard*, 742 F.3d at 1341. Constructive possession could be shown by evidence that Grant had ownership, dominion, or control over the firearm, or that he had the power and intent to exercise control over it.  *Id.*  To establish Grant's guilt on Count Two, the Government had to prove both that Grant possessed the firearm and that he knew that the serial number was obliterated.  *United States v. Haile*, 685 F.3d 1211, 1220 (11th Cir. 2012).

2

We review *de novo* whether the evidence was sufficient to sustain Grant's convictions. *United States v. Lebowitz*, 676 F.3d 1000, 1013 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1492 (2013). We take the evidence in the light most favorable to the Government, resolving any conflicts and accepting all reasonable inferences in favor of the jury's verdicts. *Lebowitz*, 676 F.3d at 1013. Credibility questions were for the jury to resolve, and we assume that it resolved them *Id.* In the end, we must uphold Grant's convictions "unless the jury could not have found [Grant] guilty under any reasonable construction of the evidence." *United States v. Frank*, 599 F.3d 1221, 1233 (11th Cir. 2010) (quoting *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999).

Grant argues that the evidence was insufficient to convict him of the two counts of the indictment because the jury could not reasonably have believed Deputy Steppe's testimony that at the time of his arrest, he acknowledged possession of the three handguns described in the indictment. Nor could the jury have interpreted a phone call he made from jail as admitting that he possessed the guns. We disagree.

Deputy Steppe responded to a 911 call Grant's wife, Wendy, made on the evening of March 14, 2013, complaining of a domestic disturbance at their

3

residence involving a gun.[1]  On Steppe's arrival at the residence, Wendy was noticeably upset.  Grant and another man were loading boxes and personal items from the residence into a SUV.  Wendy told Steppe that guns were in the SUV.  He contacted an investigator and learned that the SUV was registered in the names of Wendy and Grant.  She then gave him permission to search the vehicle.  Grant told Steppe that the guns were in a safe inside a shoe box located in the rear passenger seat and gave Steppe the key to open the safe.  Opened, the safe disclosed two revolvers, a semi-automatic handgun, a magazine, and some loose rounds of ammunition.[2]  The serial number of one of the guns was obliterated.  After Steppe confirmed that Grant was a convicted felon, he was arrested.

Later in the evening of March 14, and while in jail, Grant made a monitored telephone call in which he stated, in part,

> They got three pistols, [expletive], they only charged me with one, so [expletive] it, let that [expletive] ride . . . . I got all them guns in there.  [Expletive], I'm trying to figure out how to beat this one.  I don't think I have enough money to beat all three of them.

Given what Grant said over the telephone and his statements to Deputy Steppe, it was clearly within the jury's province to find that Grant possessed the

---

[1]  According to Grant, who took the stand and testified in his defense, he married Wendy Grant in 2008; they were separated thereafter on two occasions; he filed for divorce in 2011; and on August 2, 2013, they were divorced.

[2]  Deputy Kirkland, who, along with Deputy Scott, was present with Steppe at the scene, opened the safe.

guns at issue, that the serial number on one of them had been obliterated, and that he was guilty as charged.

## II.

*Gall v. United States*, instructs that we cannot consider the substantive reasonableness of a sentence unless we are satisfied that the sentence is procedurally reasonable. 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). That is, we must first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* Gall, 552 U.S. at 51, 128 S. Ct. at 597. Grant does not contend that the District Court committed procedural error n fashioning his sentences; rather, it committed substantive error. Grant argues that the court gave too much weight to his criminal history and did not give any consideration to his history of providing for his family.

We review the reasonableness of a district court's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L.E. 2d2d 445 (2007). A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant

5

factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*). Reasonableness review encompasses the totality of the circumstances, and the party challenging the sentence has the burden of showing that it is unreasonable. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014).

We ordinarily expect a sentence that falls within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The district court must evaluate all of the § 3553(a) factors, but it may attach great weight to one factor over the others. *Dougherty*, 754 F.3d at 1361. We defer to the district court's judgment regarding the weight of the factors unless the court has made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences based on the facts of the case. *Id.* at 1361-62. Ultimately, the sentence imposed must be sufficient but not greater than necessary to satisfy the purposes for sentencing set out in § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for the sentence to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; and (3) protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A)-(C).

We find no substantive unreasonableness here; thus, the District Court did not abuse its discretion in imposing the sentences at issue. The court considered all

6

of the relevant 18 U.S.C. § 3553(a) factors, gave due weight to Grant's criminal history and his family responsibilities.

AFFIRMED.